IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES E. HARRELL         :

v.                       : CIVIL ACTION NO. L-00-3225

SYSCO CORPORATION        :
DAVID N. HAWKINS
RAY SPINOSI              :
AL ADAMS
MILTON WRIGHT            :
CLYDE WATERS
..oOo..

# ORDER

Plaintiff filed the above-captioned civil rights complaint, together with the $150.00 civil filing fee, on October 30, 2000. Consequently, he bears the responsibility for effecting service of process on the defendants.

Pursuant to Fed. R. Civ. P. 4, plaintiff may effectuate service by presenting a summons to the Clerk of the Court for signature and seal and then serving a copy of the summons and complaint on the defendants.[1] Service of the summons and the complaint may be effected **by any person who is not a party and who is at least 18 years of age**.

Plaintiff is reminded that under Fed. R. Civ. P. 4(l), the person effecting service of the summons and complaint must promptly notify this Court, through an affidavit, that he or she has

---

[1] Summons copies have been furnished to this Court. The Clerk of the Court shall be directed to take all necessary steps to issue summons to the plaintiff so that he may effect service of summons and complaint on the defendants.

served the defendants.[2] If plaintiff does not use a private process service, and instead uses registered or certified mail to make service, he must file with the Court the United States Post Office acknowledgment as proof of service.

Finally, the undersigned judge observes that the plaintiff previously filed an employment discrimination complaint against defendant Sysco Corporation ("Sysco"). *See Harrell v. Sysco Corp.*, Civil Action No. L-00-2098. That civil complaint remains pending. Inasmuch as this new cause of action raises similar allegations of employment discrimination and retaliation against Sysco and others, but may relate to a later Equal Employment Opportunity Commission decision, the two cases shall be consolidated for all purposes.

Accordingly, IT **IS** this *13TH* day of *November*, 2000, by this Court hereby ORDERED:

1. That the Clerk of the Court shall TAKE ALL NECESSARY STEPS to prepare and issue summons;

2. That the case shall BE CONSOLIDATED for all purposes with *Harrell v. Sysco Corp.*, Civil Action No. L-00-2098; and

---

[2] If there is no record in the court file that service was effected on the defendants, plaintiff risks dismissal of his cause of action. Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a., if a party demanding affirmative relief has not effected service of process within 120 days of filing the pleading seeking the affirmative relief, the Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within fourteen (14) days of the entry of the order or such other time as may be set by the Court, the claim shall be dismissed without prejudice.

3. That the Clerk of the Court shall MAIL a copy of this Order and service copies of the summons to the plaintiff.

*[signature]*
Benson Everett Legg
United States District Judge